IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RONNY THEODORE GARCIA, SR.,

    Plaintiff,

    v.                                                                           No. CIV 12-0975 LH/WDS

MARK CURNUTT,
FORTNER & CURNUTT, LLC.,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. He has not made an initial partial payment towards the filing fee. For reasons set out below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington*

*v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff's defense counsel in a state criminal proceeding gave him false information, which led to his arrest, and failed to file an appeal from his conviction. Plaintiff asserts that Defendant's actions violated his right to effective assistance of counsel. The complaint seeks dismissal of the state criminal charges and damages.

No relief is available in this action under 42 U.S.C. § 1983 on Plaintiff's allegations against his former attorney. A § 1983 complaint must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). For purposes of § 1983, a private person does not act under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The general rule is that an attorney, even as an officer of the court, is not a state actor and so cannot be sued under § 1983 for actions taken in the course of representing a client. *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264, 266 (10th Cir. 1994); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983). Plaintiff's complaint against the Defendant will be dismissed for failure to state a claim for relief. *See Harris v. Champion*, 51 F.3d 901, 910 (10th Cir. 1995).

IT IS THEREFORE ORDERED that Plaintiff's Complaint is DISMISSED with prejudice, and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE